UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMEIKA PRICE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PILOT CATASTROPHE SERVICES, INC., <br><br> Defendant. | § § § § § § § § § § § § § | No. _____ <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Tameika Price (referred to as "Plaintiff" or "Price") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid overtime wages from Defendant Pilot Catastrophe Services, Inc. (collectively referred to as "Defendant" or "Pilot"). In support thereof, she would respectfully show the Court as follows:

### I. Nature of Suit

1. Price's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA

defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Pilot violated the FLSA by employing Price and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Pilot violated the FLSA by failing to maintain accurate time and pay records for Price and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Price brings this collective action under 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Pilot resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Price's claims occurred in the Houston Division of the Southern District of Texas.

## III. Parties

8. Plaintiff Tameika Price is an individual who resides in Dallas County, Texas and who was employed by Pilot during the last three years.

9. Defendant Pilot Catastrophe Services, Inc. is an Alabama corporation that may be served with process by serving its registered agent:

>C T Corporation System
>199 Bryan St., Suite 900
>Dallas, Texas 75201

Alternatively, if the registered agent of Pilot Catastrophe Services, Inc. cannot with reasonable diligence be found at the company's registered office, Pilot Catastrophe Services, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that Pilot committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Pilot or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

11. Pilot is an insurance carrier claims processing company; it does business in the territorial jurisdiction of this Court.

12. Pilot employs hundreds of individuals, titling their position Adjuster, who are dispatched all over the United States following catastrophes, such as hurricanes or hailstorms, to inspect and document property loss.

13. In September 2017, Pilot employed Price as an Adjuster. However, Price is not a licensed insurance adjuster. In reality, Price was performing the duties of an inspector; she was primarily responsible for visiting properties damaged by Hurricane Harvey, documenting the damage, and inputting the information into a database.

14. Price's primary duties were nonexempt.

15. Price's primary duties did not include office or nonmanual work.

16. Price's primary duties were not directly related to the management or general business operations of Pilot or its customers.

17. Price's duties did not differ substantially from the duties of a traditionally nonexempt hourly worker.

18. Price did not exercise a meaningful degree of independent discretion with respect to the exercise of her duties.

19. Price did not have the discretion or authority to make any decisions with respect to matters of significance.

20. Instead, Price was required to follow the policies, practices and procedures set by Pilot.

21. Price did not have any independent authority to deviate from these policies, practices and procedures.

22. During Price's employment with Pilot, she was engaged in commerce or the production of goods for commerce.

23. During Price's employment with Pilot, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

24. During Price's employment with Pilot, the company had an annual gross volume of sales made or business done of at least $500,000.

25. Pilot paid Price on a day rate basis.

26. During Price's employment with Pilot, she regularly worked in excess of forty hour per week.

27. Pilot knew or reasonably should have known that Price worked in excess of forty hours per week.

28. Pilot did not pay Price overtime "at a rate not less than one and one-half times the regular rate at which [she was] employed." 29 U.S.C. § 207(a)(1).

29. Instead, Pilot paid Price a fixed sum of money regardless of the number of hours she worked.

30. In other words, Pilot paid Price for the overtime that she worked at a rate less than one and one-half times the regular rate at which she was in employed in violation of the FLSA.

31. Pilot knew or reasonably should have known that Price was not exempt from the overtime provisions of the FLSA.

32. Pilot failed to maintain accurate time and pay records for Price as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

33. Pilot knew or showed a reckless disregard for whether its pay practices violated the FLSA.

34. Pilot is liable to Price for her unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

35. All inspectors employed by Pilot as Adjusters are similarly situated to Price because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Pilot pursuant to 29 U.S.C. § 216(b).

## V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

36. Price adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

37. During Price's employment with Pilot, she was a nonexempt employee.

38. As a nonexempt employee, Pilot was legally obligated to pay Price "at a rate not less than one and one-half times the regular rate at which [she was] employed[]" for the hours that she worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

39. Pilot did not pay Price overtime as required by 29 U.S.C. § 207(a)(1) for the hours she worked in excess of forty per week.

40. Instead, Pilot paid Price a fixed sum of money regardless of the number of hours she worked.

41. In other words, Pilot paid Price for the overtime that she worked at a rate less than one and one-half times the regular rate at which she was in employed in violation of the FLSA.

42. If Pilot classified Price as exempt from the overtime requirements of the FLSA, she was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

43. Pilot knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, Pilot willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—
### Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

44. Price adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

45. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

46. In addition to the pay violations of the FLSA described above, Pilot also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—
## Collective Action Allegations

47. Price adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

48. On information and belief, other employees have been victimized by Pilot's violations of the FLSA identified above.

49. These employees are similarly situated to Price because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

50. Pilot's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

51. Since, on information and belief, Price's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

52. All employees of Pilot, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The class is therefore properly defined as:

> All inspectors employed by Pilot as Adjusters during the last three years.

53. Pilot is liable to Price and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

54. Because Pilot knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Price and the members of the putative class their unpaid overtime wages for at least the last three years.

55. Pilot is liable to Price and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

56. Pilot is liable to Price and the members of the putative classes for their reasonable attorneys' fees and costs.

57. Price has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## VIII. Jury Demand

58. Price demands a trial by jury.

## IX. Prayer

59. Price prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Price and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

  e. incentive awards for any class representative(s); and

  f. all such other and further relief to which Price and the other inspectors employed by Pilot as Adjusters may show themselves to be justly entitled.

            Respectfully submitted,

            MOORE & ASSOCIATES

            By: /s/ Melissa Moore
            Melissa Moore
            State Bar No. 24013189
            Federal Id. No. 25122
            Curt Hesse
            State Bar No. 24065414
            Federal Id. No. 968465
            Lyric Center
            440 Louisiana Street, Suite 675
            Houston, Texas 77002
            Telephone: (713) 222-6775
            Facsimile: (713) 222-6739

            **ATTORNEYS FOR PLAINTIFF TAMEIKA PRICE**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739